701 P.2d 1219

**William CHAPMAN and Evelyn Chapman, husband and wife, Plaintiffs/Appellants,**

v.

**LEVI-STRAUSS, a Delaware corporation, Defendant/Appellee.**

**No. 2 CA–CIV 5303.**

Court of Appeals of Arizona, Division 2, Department B.

May 16, 1985.

Healy & Beal, P.C. by James H. Dyer and Ethan Steele, Tucson, for plaintiffs/appellants.

Bury, Moeller & Humphrey by David C. Bury, Tucson, for defendant/appellee.

## OPINION

LIVERMORE, Judge.

Plaintiff, William Chapman, was injured when an explosion at an electrical fuse box caused his pants to ignite seriously burning him. He claimed that the pants manufactured by defendant were defective because they were not made with a fire retardant or because they were sold without a warning of the danger of fire. His appeal from a jury verdict against him is premised on alleged errors of the trial court in excluding evidence offered by him. We have jurisdiction under A.R.S. § 12–2101.

During examination of his expert witness, plaintiff's counsel proposed to qualify a number of articles under Rule 803(18), Rules of Evidence, 17A A.R.S., the learned treatise exception to the hearsay rule. It reads:

"To the extent called to the attention of an expert witness upon cross-examination or relied upon by him in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice. If admitted, the statements may be read into evidence but may not be received as exhibits."

Counsel established that the expert had relied on the articles and that they were considered authoritative; nonetheless, the court refused to allow examination on such statements. In this, the court erred. With two exceptions, however, any such error has been waived. See Rule 103(a)(2), Rules of Evidence, 17A A.R.S. Although invited to do so by the court,[1] counsel made no offer of proof as to what these articles said. On this record, therefore, we cannot determine whether the proposed statements would have been admissible or whether their exclusion was harmful. *Deyoe v. Clark Equipment Co.*, 134 Ariz. 281, 655 P.2d 1333 (App.1982).

In two instances plaintiff made an adequate offer of proof. Both of these related to statistical summaries of burn injuries from textiles generally and burning clothing specifically. Plaintiff contended that these statistics were admissible to show notice to defendant of the dangers involved. The judge excluded them on the ground that the statistics were so general

---

1. The court said:

"And I think what you're doing is not called for by the Rules and I'm going to sustain the objection. But, the only thing I asked you, I wanted to be sure I understood exactly what articles. Maybe you could make an offer of proof and I could listen to you, see. But I think to compile your record, you should say exactly what articles you wanted to place before the jury by reading them to the witness and asking him if he agreed with them or disagreed."

as to be misleading for the offered purpose.[2] They were not broken down by type of garment, by situation causing fire, or by location, workplace or elsewhere, of the injury. Without any foundation of similarity, these statistics were properly excluded. See *Grant v. Arizona Public Service Co.,* 133 Ariz. 434, 450, 652 P.2d 507, 523 (1982).[3]

We could stop here, but the difficulties encountered by counsel and the court in dealing with Rule 803(18) persuade us of the need for a fuller exposition. That an article or treatise is generally accepted as authoritative and was relied on by the expert witness removes only the bar of the hearsay rule from its admission. Before any portion of it can be read to the jury, that portion must still meet the tests of probative value demanded of any evidence. See Advisory Committee Note to Rule 803, Federal Rules of Evidence, 28 U.S.C.A. at 277 ("The exceptions are phrased in terms of nonapplication of the hearsay rule, rather than in positive terms of admissibility, in order to repel any implication that other possible grounds for exclusion are eliminated from consideration."). Illustrative of this, of course, is our holding with respect to the offer of statistics of such slight probative value as to be worthless.

Equally applicable to any offer of articles or treatises is Rule 403, allowing a trial judge in his discretion to exclude evidence creating a substantial risk of confusion of the issues, misleading of the jury, waste of time, or needless presentation of cumulative evidence. *Ellis v. International Playtex, Inc.,* 745 F.2d 292, 306 (4th Cir.1984). The judge in this case was worried that a whole day would be spent reading articles into the record. That fear was hardly groundless where he had been presented with a nine page list of articles, fifty-two of which had been circled as useable by plaintiff's counsel. The dispensation granted by Rule 803(18) is not a dispensation to convert a trial into a college seminar. The parties must have a fair opportunity to establish that the information being offered is generally accepted as reliable by those authoritative in the field. But that opportunity ought not so burden the trial with the written views of experts as to extend it unbearably or as to deflect the trier from the main issues in the case. The trial judge must exercise considerable control of the presentation of evidence under Rule 803(18) to avoid these dangers.

An example from this case makes the point. Plaintiff's counsel offered the following excerpt from an article:

"For instance, there is an honest, legitimate market for such potential destroyers of life and health as shotguns, axes, knives, dynamite, lye, deadly vermin exterminators, and poisonous chemicals of all sorts. There are many accidental deaths and injuries annually caused by such agents. Their very nature and reason for existence makes it impossible to render them safe.

"Should merchants censor these items and refuse to sell them? The hazards inherent in the possession and use of

---

2. The court said:

"Now, Mr. Healy, remember what my ruling has been in this case. If you showed prior accident, you can show prior accident having to do with the same or similar clothes that we are dealing with in this case, but to put before the jury the fact that there has been, you know, 10,000 people involved in clothing fires in this country, when the clothing is entirely different from that in this case, in my opinion, doesn't help the jury and is not probative of any issue in the case.

Now, I'm not telling you that you can't ask the witness how many people have been hurt from wearing polyester pants. If he knows, he can answer you."

3. The court ruled in the alternative that if plaintiff offered its statistics, defendant would be allowed to show that its pants had not been the subject of such fires. Plaintiff argues that this was an improper conditioning of admissibility on the admissibility of otherwise incompetent evidence. But see *Jones v. Pak-Mor Mfg. Co.,* 145 Ariz. 121, 700 P.2d 819 (1985). We disagree. It was simply an admonition that offering inadmissible evidence on the issue of notice would open the door to the admission of otherwise improper evidence in rebuttal. See M. Udall & J. Livermore, Law of Evidence § 11 (2d ed. 1982).

such things are so obvious that the normal instinct for self-preservation is relied upon to motivate the use of knowledge and proper caution in their use. The key here is the fact that the hazard is obvious. In the case of fire hazards in the use of textiles, the danger is not so apparent: The peril lies in the concealed hazard."

That concealed dangers are more likely to cause harm than obvious dangers seems a proposition on which the trier hardly needs expert advice. Its relevance to a trial premised on a duty to warn that pants will ignite at 800 degrees and cause serious injury is, if apparent, slight. The time consumed by reading the "good parts" of articles could be enormous. The need to put the part offered in context by cross-examination would take even more time. Exclusion was obviously proper.

As a final matter, we note that most of one day of the jury trial was consumed arguing about the admissibility of items under Rule 803(18). Had a proper offer of proof of the 52 articles been made, the time spent on evidentiary matters would have been much longer. We suggest that trial judges ought to require, when Rule 803(18) is to be invoked, that counsel disclose before trial what portions of articles or treatises are to be offered so that rulings may be made without the need to disrupt the orderly presentation of the case to a jury.

The judgment is affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.